983 F.2d 1088
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Vincenta J. MATA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3418.
 United States Court of Appeals, Federal Circuit.
 Nov. 20, 1992.
Rehearing Denied Feb. 4, 1993.
 
 Before ARCHER and CLEVENGER, Circuit Judges, and KAUFMAN, Senior District Judge.
 PER CURIAM.
 
 
 1
 Vincenta J. Mata appeals the final order of the Merit Systems Protection Board (Board), Docket No. SE0831890235I-1, dismissing her petition for review of the Board's initial decision on the grounds that it was untimely filed. We affirm.
 
 
 2
 Ms. Mata retired from employment at Subic Bay in the Philippines in December 1982. Following her retirement, Ms. Mata applied to the Office of Personnel Management (OPM) for a retirement annuity. OPM denied her request in March, 1984, because Ms. Mata did not have five years creditable service with the United States government and because she had not worked in a position subject to the Civil Service Retirement Act. In March, 1987, Ms. Mata requested that OPM reconsider its decision. On January 4, 1989, OPM issued its reconsideration decision, again denying Ms. Mata's request for a retirement annuity.
 
 
 3
 On March 1, 1989, Ms. Mata appealed OPM's reconsideration decision to the Board. In an initial decision dated June 12, 1989, the Administrative Judge (AJ) dismissed Ms. Mata's appeal because she had filed her appeal 30 days after the filing deadline and had failed to demonstrate good cause to waive the Board's timeliness requirement.
 
 
 4
 On July 11, 1989, Ms. Mata submitted a timely petition for review of the AJ's initial decision to the full Board. On July 26, 1989, the Clerk of the Board returned the petition for review to Ms. Mata because it did not meet the Board's filing requirements. The Clerk instructed Ms. Mata that her petition for review had to be refiled (i.e., mailed from the Philippines) within 30 days of the date of the Clerk's letter. On December 31, 1991, two and one-half years later, Ms. Mata refiled a petition for review. In a final order dated April 10, 1992, the full Board dismissed Ms. Mata's petition for review because Ms. Mata failed to show good cause for her two and one-half year delay in refiling a perfected petition for review. Ms. Mata appeals to this court for review of the Board's final order.*
 
 
 5
 This court holds "unlawful and set[s] aside any agency action, findings, or conclusions found to be--(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence...." 5 U.S.C. § 7703(c) (1988).
 
 
 6
 Ms. Mata contends that the full Board should have waived the requirement that she demonstrate good cause for her delayed refiling of a perfected petition (as well as for the untimeliness of her original appeal before the AJ) because there is no statutory requirement that the Board have timeliness requirements. Ms. Mata's contention is without merit. The Board may process its appeals in accordance with such regulations as it prescribes. 5 U.S.C. § 7701(a) (1988). Ms. Mata does not argue, nor could she, that the Board regulations creating filing deadlines, 5 C.F.R. § 1201.22 (1992) and permitting waiver of those deadlines for good cause, 5 C.F.R. § 1201.12 (1992), are contrary to law.
 
 
 7
 Moreover, the Board correctly applied the standards set forth in Alonzo v. Department of Air Force, 4 M.S.P.R. 180, 184 (1980) when it dismissed Ms. Mata's petition for review. The Board considered Ms. Mata's awareness of the Board's time limitations, her failure to exercise due diligence or ordinary prudence in attempting to contact the Board for further information, and the fact that lack of familiarity with the Board's administrative process does not constitute good cause for waiver of the Board's timeliness requirements. Because we do not find the Board's decision to dismiss Ms. Mata's petition for review to be arbitrary or capricious, we affirm the final order of the Board.
 
 
 
 *
 The Board informed Ms. Mata that the initial decision of the AJ would become the final decision of the Board thirty days after the date of the Clerk's letter rejecting Ms. Mata's petition for review, absent a refiling. Ms. Mata did not refile her petition for review, so the AJ's initial decision became the final decision of the Board. Ms. Mata did not petition this court for review of that final decision within the 30 days mandated by 5 U.S.C. § 7703(b) (1988)